Dear Judge Wilner:
You have requested our opinion whether certain provisions of the Maryland Code should be repealed as obsolete in light of other related provisions in the State Finance and Procurement ("SFP") Article, Maryland Code. Specifically, you ask:
1. Is Article 27, § 668 of the Code, which relates to the acquisition, possession, and use of property by the Division of Correction, obsolete in light of the comprehensive procurement system and the rules governing the disposition of property established in Divisions I and II of the State Procurement Law, SFP, § 10-301 through 10-308 and §§ 11-101 through 17-306?
2. Is Article 27, § 671 of the Code, which relates to bond requirements for persons who contract with the Division of Correction, obsolete in light of the rules governing contractor bonds established in SFP, § 13-216?
Our opinion is as follows:
1. Article 27, § 668 of the Code is not obsolete. Although certain provisions of § 668 that relate to the Division of Correction's acquisition and conveyance of property have been effectively superseded by provisions of the SFP Article, § 668 remains the source of the Division's authority to act as a unit of State government to acquire, hold, and dispose of property.
2. Article 27, § 671 of the Code is obsolete in light of the rules governing bonds established in SFP, § 13-216 and SFP Title 17, Subtitle 1.
 I Authority Over Property
A. Article 27, § 668
Article 27, § 668(a) vests in "the Department," meaning the Division of Correction, "the title and possession of all property (real, personal, and mixed) existing and previously acquired by the Department of Correction and any institution or agency thereunder, or which may be acquired by the Department and any institution or agency thereunder."[1] In holding property, the Division acts as a trustee of the State. Moreover, "the custody, use, acquisition, and conveyance of any property are subject generally to the powers and functions of the Board of Public Works."
Article 27, § 668(b) describes generally the Division's authority over property acquisition and disposition: "The Department may acquire property as required for its use and for the several institutions and agencies thereunder, by contract, purchase, or otherwise; and it may sell or otherwise dispose of and convey any property as appropriate to the needs of the Department and its several institutions and agencies."
Subsection (a) has existed in various forms since 1874, when title to estates and property of the House of Correction was vested in a Board of Managers "as trustees for the state." See
Chapter 233, § 7, Laws of Maryland 1874 (codified at former Article 27, § 465). In 1916, the State Board of Prison Control was deemed to be the successor to all title and possession of property previously held by the Board of Managers and the Directors of the Maryland Penitentiary. See Chapter 556, Laws of Maryland 1916 (codified at former Article 27, § 626). Subsequent provisions reflected the transfer of property from the State Board of Prison Control to the Board of Correction within the Department of Correction, and then to the Department of Correction. See Article 27, §§ 665 (1924), 747 (1939), 758 (1951), and 668 (1962).
The procurement authority set out in § 668(b) dates back to 1914, when the Board of Managers of the Maryland House of Correction was "authorized and empowered" to acquire real and personal property. See Chapter 488, Laws of Maryland 1914 (codified at former Article 27, § 525). In 1916, this authority was shifted to the Board of Prison Control and was made subject to the consent of the Board of Public Works. See Chapter 556, Laws of Maryland 1916 (codified at former Article 27, § 629). In addition, the Board of Prison Control was specifically authorized to purchase supplies, and to sell or otherwise dispose of personal property. Id. (codified at former § 631).
B. Related SFP Provisions
Division I of State Procurement Law, SFP Titles 1 through 10, enacted by Chapter 11 of the Laws of Maryland 1985, governs the State's disposal of real and personal property as well as the State's acquisition of real property. In relevant part, SFP, § 10-305 provides as follows:
 (a) Any real or personal property of the State or a unit of the State government may be sold, leased, transferred, exchanged, granted, or otherwise disposed of:
 (1) to any person, to the United States or any of its units or to any unit of the State government, for a consideration the Board [of Public Works] decides is adequate; or
 (2) to any county or municipal corporation in the State subject to any conditions the Board imposes.
(b) Except as otherwise provided in this section:
 (1) if any real or personal property disposed of under this section is not under the jurisdiction or control of any particular unit of the State government, the deed, lease or other evidence of conveyance of the real or personal property shall be executed by the highest official of the unit and by the Board.
* * *
 (e) All conveyances under this section shall be made in the name of the State of Maryland, acting through the executing authority provided for in this section.
The disposition of "excess and surplus" personal property is specifically excepted from SFP, § 10-305 and is controlled by the Department of General Services pursuant to SFP, § 4-501 through 508.
The State's acquisition of real property is governed by SFP, § 4-410 through 415. Specifically, SFP, § 4-412 gives the Land Acquisition Division of the Department of General Services exclusive authority to negotiate contracts for the acquisition of land for any "public improvement," although contracts are executed in the name of the unit of State government acquiring the property. See SFP, § 4-415(b). The term "public improvements" includes "any construction, maintenance, or repair of any building, structure, or other public work." SFP, § 4-410(d). Under SFP, § 4-415, the Secretary of General Services has authority to review, and the Board of Public Works to approve, all land acquisition contracts.
The State's procurement of supplies, services, construction, and construction-related services is generally controlled by the Board of Public Works pursuant to Division II of the Procurement Law, SFP Titles 11 through 17. The General Assembly enacted Division II in 1980 and revised it in 1988 for the stated purpose of increasing confidence in State procurement, ensuring fair and equitable treatment of all persons who deal with the State procurement system, and promoting development of uniform State procurement procedures to the extent possible. See
SFP, § 11-201(a). While Division II defines the procurement process, it does not serve as the authority for particular units of State government to enter into procurement contracts. See
SFP, § 11-101(x)(1) (defining "unit" for purposes of Division II as an officer or entity of the Executive Branch "authorized by law to enter into a procurement contract"). Agencies, however, are expressly prohibited from entering into contracts except in accordance with Division II, and violative contracts are void or voidable at the option of the Board of Public Works. See
SFP, § 11-204.
In 1990, the General Assembly transferred some of the Department of General Services' duties with regard to the construction of State correctional facilities and related procurement to the Department of Public Safety and Correctional Services. Chapter 415, Laws of Maryland 1990. Nevertheless, neither the Department nor the Division of Correction was exempted from the requirements of SFP Divisions I or II.
C. Continued Applicability of § 668
While certain provisions of Article 27, § 668 have been effectively superseded by specific provisions of SFP Divisions I and II, its general purpose remains intact and distinct from these SFP provisions.
Article 41, § 4-105(a) establishes the Division of Correction as a unit of government within the Department of Public Safety and Correctional Services. This provision, however, does not bestow upon the Division any specific powers and duties. Instead, it provides that "[t]he Division of Correction shall have the powers, duties, responsibilities and functions provided in the laws of this State for the [former] Department of Correctional Services." Further, while Article 41, § 4-104 authorizes the Secretary of Public Safety and Correctional Services to exercise or perform any of the powers, duties, responsibilities, or functions of the Division of Correction, this section, likewise, does not specify what those entail. Thus, the Division of Correction's authority is contained almost exclusively in Article 27, §§ 667 through 710E.
Within this scheme, § 668 retains much of original purpose. First, as set forth in Part IA above, § 668(a) preserves the status of the Division of Correction as the successor in interest to property held by the former Department of Correction and its predecessors. Second, § 668 designates the Division as the unit of State government with authority to acquire, hold, and dispose of property on behalf of "its several institutions and agencies." § 668(b). While the authority conferred by § 668 is limited by the provisions of Divisions I and subject to the provisions of Division II, as well as to the authority vested in the Board of Public Works and the Department of General Services, § 668, nonetheless, authorizes the Division of Correction to acquire, hold, and dispose of property. To the extent that § 668 serves this purpose, it has not been rendered obsolete. Cf. Gibson v.State, 204 Md. 423, 438, 104 A.2d 800 (1954) (finding statute obsolete where the reason for a statute had ceased to exist).
 II Bonds
A. Article 27, § 671
Article 27, § 671 of the Code authorizes the Division of Correction to require those with whom it contracts "to execute a bond to the State, with security approved by the Department, in such amount as the Department may fix for the faithful performance thereof."[2] Section 671 also authorizes the Division to "rescind any contract as soon as there is failure to comply therewith," and, in the name of the State, "to institute suit on the bond for any breach thereof."
Section 671 has its origins in an 1837 enactment giving the Directors of the Maryland Penitentiary the authority to require a performance bond in double the amount of an estimated contract and to institute suit for damages sustained by noncompliance. Chapter 320, § 24, Laws of Maryland 1837 (codified at former Article 73, § 17). That authority was made applicable in 1916 to contracts made on behalf of the Maryland House of Correction and the Maryland Penitentiary (consolidated under the "State Board of Prison Control"). Chapter 556, § 2, Laws of Maryland 1916 (codified at former Article 27, § 632). Subsequent reenactments changed it little.
B. SFP, § 13-216 and 17-103
Division II addresses bond requirements in a detailed and comprehensive way. Under SFP, § 13-216(c), "If the price of a procurement contract for construction exceeds $100,000, a procurement officer shall require a contractor to provide security as required under Title 17, Subtitle 1 of this article."[3]
Division II contracts other than for construction are subject to a bond or other security for performance if the price exceeds $100,000 and, in the procurement officer's judgment, "circumstances warrant security." SFP, § 13-216(d). Conversely, "a procurement officer may not require a contractor to provide a performance bond, payment bond, or other security on a procurement contract for construction, construction related services, services, or supplies if the price of procurement contract is $100,000 or less." SFP, § 13-216(a).[4]
The prohibition in SFP, § 13-216(a) applies to all Division II construction-related contracts, notwithstanding the apparent conflict with SFP, § 17-103(a), which requires bond or other security for State construction contracts of smaller amounts:
 (1) Before a public body awards a construction contract exceeding $50,000, the contractor shall provide payment security and performance security that meet the requirements of § 17-104 of this subtitle.
(2) The security shall be:
 (i) for performance security, in an amount that the public body considers adequate for its protection; and
 (ii) for payment security, at least 50% of the total amount payable under the contract.[5]
In its original form, SFP, § 13-216(a) was made applicable to all State procurement contracts "notwithstanding any provisions of § 9-113 of the Real Property Article," which contained the bond provisions pertaining to construction contracts now codified in SFP Title 17. See Chapter 872, Laws of Maryland Chapter 1978 (codified at former Article 41, § 231M-2).[6] This scheme has been preserved in Division II. See SFP, § 13-216(c) and (d).
C. Obsolescence of § 671
The bond provisions of Article 27, § 671 were rendered obsolete in their application to procurement contracts subject to Division II of the Procurement Article, specifically by SFP, § 13-216 and 17-103 and related provisions. Not only are these later-enacted provisions more specific than § 671, they contradict its unrestricted grant of authority to the Division of Correction to require any party with whom the Division contracts to execute a performance bond. Further, Division II addresses the matter of remedies for default, requiring each procurement contract to specify the penalties for default. See SFP, § 13-218.[7]
Hence, both the discretion to require a bond and the recision remedy referred to in § 671 are no longer necessary.[8]
 III Conclusion
In summary, it is our opinion that Article 27, § 668 has not been rendered obsolete by the provisions of the State Finance and Procurement Article relating to the procurement and disposal of real and personal property. Article 27, § 671, relating to the Division of Correction's authority to require a bond, has been rendered obsolete in light of the comprehensive treatment of the issue of performance bonds in Division II of the Procurement Law.
Very truly yours,
 J. Joseph Curran, Jr. Attorney General
 Sandra Barnes Assistant Attorney General
______________________ Jack Schwartz Chief Counsel Opinions and Advice
[1] Whenever the term "the Department" appears in Article 27, §§ 667 through 710E, the term means the Division of Correction. Article 27, § 667.
[2] See note 1 above concerning the meaning of the term "Department."
[3] Under SFP, § 17-104(a)(1), "security" includes a surety bond.
[4] SFP, § 13-216(b) creates an exception if federal law requires a bond for a contract of a smaller amount.
[5] When the General Assembly increased the threshold for a bond requirement from § 50,000 to § 100,000 in SFP, § 13-216, it did not make a corresponding change in SFP, § 17-103(a). See
Chapter 116 of the Laws of Maryland 1995.
[6] This 1978 enactment also made clear that the prohibition of SFP, § 13-216 was intended to apply to construction contracts, notwithstanding SFP, § 17-102(a), which refers to the authority of the State to impose bond requirements in addition to those in § 17-103. Section 17-102(a) was also formerly contained in § 9-113 of the Real Property Article.
[7] See COMAR 21.07.01.11; 21.07.02.07; 21.07.03.15
(termination for default provisions).
[8] The fact that the Division of Correction rarely may enter into a procurement contract that is not subject to the provisions of Division II and, thus, its bond and default provisions, see SFP, § 11-202 (defining scope of Division II) and 11-203 (identifying exceptions to Division II), does not alter our analysis. No provision of law restricts the authority of the Division of Correction to impose bond requirements and pursue remedies for breach of a "non-Division II" contract. Our conclusion in this regard might well be different if § 671 required
the Division of Correction to require performance bonds and to pursue certain remedies. Section 671, however, is discretionary.
 *Page 62